IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  Case No. 16-cr-30013-SMY |
| | ) |
| JAMES L. GARY, | ) |
| | ) |
| Defendant. | ) |

# ORDER

**YANDLE, District Judge:**

Defendant James L. Gary was sentenced on December 1, 2017 to 120 months imprisonment for Attempt to Obtain Contraband in Prison (Count 3), to be served consecutive to the term of imprisonment stemming from 15-00300-CR-W-BP (Docs. 93, 96). According to the Bureau of Prisons inmate locator, he is currently housed at Terre Haute FCI and his projected release date is April 13, 2026.

Now pending before the Court are Gary's Motion and Supplement for Compassionate Release pursuant to the First Step Act of 2018 (Docs. 105, 110). The Government filed a Motion to Dismiss Defendant's Motion for Compassionate Release (Doc. 113), to which Defendant responded (Doc. 115).

Section 603 (b)(1) of the First Step Act permits the Court to reduce a term of imprisonment upon motion of either the Director of the Bureau of Prisons ("BOP") or a defendant for "extraordinary or compelling reasons" so long as the reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). A defendant seeking compassionate release must first request that the BOP file a motion seeking the same. *Id*. If the BOP declines to file a motion, the defendant may file a motion on his own behalf, provided he has either exhausted administrative remedies or 30 days have elapsed since the warden at his institution received such a request, whichever is earliest. *Id*.

Defendant asserts that he provided a petition for compassionate release to a "Counselor as agent for the warden of USP-Thompson on July 20, 2020 and received no response from the warden by August 19, 2020." (Doc. 109, p. 2). According to the Government, neither USP-Thompson nor another facility at which Defendant was held, USP-Marion, have any record of Defendant filing a request (Doc. 113, p. 2). Because the wardens at USP-Thompson and USP-Marion have not had an opportunity to consider Defendant's request, he has failed to exhaust his administrative remedies.

For the foregoing reasons, James L. Gary's Motion and Supplement for Compassionate Release pursuant to the First Step Act of 2018 (Docs. 105, 110) are **DENIED without prejudice**. The Government's Motion to Dismiss Defendant's Motion for Compassionate Release (Doc. 113) is **GRANTED**. Defendant may refile his motion once his administrative remedies have been exhausted or 30 days have elapsed since his request was submitted to the warden and no action has been taken.[1]

**IT IS SO ORDERED.**

**DATED: June 30, 2022**

*Staci M. Yandle*

**STACI M. YANDLE**
**United States District Judge**

---

[1] Defendant's Motion for Status (Doc. 116) is **GRANTED**; the instant order provides the necessary status.